**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JULIET KELLER-MILLER, | |
| *Plaintiff*, | CIVIL ACTION |
| v. | NO. 16-03018 |
| COCA-COLA BOTTLING CO., *et al.* | |
| *Defendants*. | |

PAPPERT, J.                                                    OCTOBER 7, 2016

## MEMORANDUM

Plaintiff Juliet Keller-Miller ("Keller-Miller") sued Coca-Cola Bottling Co. Consolidated, The Coca-Cola Company, Coca Cola Refreshments USA, Inc., Walmart, Walmart Stores, Inc., Walmart Stores East, LP and Sam's West, Inc. (collectively "Defendants") alleging that she was injured by a Coca-Cola bottle that exploded and struck her while she was shopping at a New Jersey Walmart store.

Keller-Miller filed her complaint on May 13, 2016 in the Court of Common Pleas of Philadelphia County.  Defendants removed the case to federal court on June 16, 2016 (ECF No. 1).  On September 9, 2016 Defendants filed a Motion to Transfer Venue to the Unites States District Court for the District of New Jersey in Camden, New Jersey on the grounds of *forum non conveniens* (ECF No. 32).[1]  Plaintiff responded on September 30, 2016 (ECF No. 34).  For the reasons discussed below, Defendants' motion is denied.

---

[1]      The Court takes judicial notice that the driving distance between the federal courthouse in Philadelphia and the courthouse in Camden, NJ is 2.4 miles per both Mapquest and Google Maps.

## I.

Keller-Miller is a resident of Westville, Gloucester County, New Jersey.  (Pl.'s Compl. ¶ 1, ECF No. 1.)  She alleges that on July 24, 2014, while shopping at a Walmart Supercenter in Woodbury, Gloucester County, New Jersey, she was injured when a Coca-Cola bottle that was part of a promotional display ruptured or exploded.   (Pl.'s Compl. ¶ 13.)  Keller-Miller contends that the bottle ruptured because the promotional display was carelessly placed next to a hot food case or heat source.  (Pl.'s Compl. ¶¶ 14–15.)  Keller-Miller contends that she was struck by debris and/or shrapnel from the ruptured bottle and sustained serious and permanent injuries. (Pl.'s Compl. ¶¶ 13, 23.)

## II.

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer an action to any other district "where it might have been brought" if this transfer is "for the convenience of parties and witnesses" and "in the interest of justice."  28 U.S.C. § 1404(a).  A district court may transfer the case under the doctrine of *forum non conveniens* if an alternative forum has jurisdiction to hear the matter and trial in the plaintiff's choice of forum "would establish . . . oppressiveness and vexation to a defendant . . . all out of proportion to plaintiff's convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems."  *Windt v. Qwest Communs. Int'l*, 529 F.3d 183, 189 (3d Cir. 2008).

Analysis of a request for a § 1404(a) transfer has two components. First, both the original venue and the requested venue must be proper.  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877–878 (3d Cir. 1995).  Second, because the purpose of allowing § 1404(a) transfers is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense," *Pro Spice, Inc. v. Omni Trade Grp., Inc.*, 173

F. Supp. 2d 336, 339 (E.D. Pa. 2001) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)), the Court is required to undertake a balancing test in deciding whether the "interests of justice [would] be better served by a transfer to a different forum." *Jumara*, 55 F.3d at 879.  The burden falls on the moving defendant to show the desirability of transferring venue and to present evidence upon which the court may rely in justifying transfer.  *Fellner ex rel. Estate of Fellner v. Phila. Toboggan Coasters, Inc.*, No. 05-1052, 2005 WL 2660351, at *4 (E.D. Pa. Oct. 18, 2005).

## III.

The Court must first determine whether the United States District Court for the District of New Jersey would be a proper venue.  In a diversity case, venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391.  This suit could have been properly brought in New Jersey in the first instance because a substantial part of the events giving rise to the claim occurred in New Jersey.

Next, the Court must balance the private and public factors.  The Third Circuit Court of Appeals has outlined a non-exhaustive list of pertinent public and private interest factors to be weighed in this balancing test.  The private interests include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of books and

records. *Jumara*, 55 F.3d at 879 (citation omitted).  "The private-factors analysis concentrates

on the interests of the litigants and their witnesses to hold the trial in the forum more convenient

for all of the involved parties."  *In re Amkor Tech., Inc. Sec. Litig.*, No. 06-298, 2006 WL

3857488, at *2 (E.D. Pa. Dec. 28, 2006).

## A.

The Court must first determine the level of deference to be accorded Keller-Miller's

choice of forum.  In considering a transfer request, "[plaintiff's] choice of forum is entitled to

great weight and is not to be disturbed unless the balance of convenience strongly favors the

defendants' forum."  *Blanning v. Tisch*, 378 F.Supp. 1058, 1060 (E.D. Pa. 1974) (citing *Shutte v.

Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)).  The plaintiff's choice of forum, however,

"is entitled to less weight where the plaintiff chooses a forum which is neither [her] home nor the

situs of the occurrence upon which the suit is based."  *Harris v. Nat'l R.R. Passenger Corp.*, 979

F.Supp. 1052, 1053 (E.D. Pa. 1997).  The Supreme Court has stated that "the presumption in the

plaintiff's favor applies with less force" when the plaintiff's choice is not its home forum

because "the assumption that the chosen forum is appropriate is in such cases less reasonable."

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981).  Keller-Miller is a resident of New

Jersey making the District of New Jersey her "home forum."  Due to the extremely close

proximity between the two courthouses in this case, however, the weight given to Keller-Miller's

preference for a forum that is mere minutes away from her "home forum" should not be

diminished much, if at all.  *See Klauder & Nunno Enterprises, Inc. v. Hereford Associates, Inc.*,

723 F. Supp. 336, 348 (E.D. Pa. 1989) (declining to discount foreign plaintiff's preference to the

degree normally done for a foreign plaintiff when the chosen forum is nevertheless convenient

given the location of witnesses and evidence).  The Court will therefore give Keller-Miller's

4

preference slightly less deference than it would had she chosen her home forum but will nonetheless favor her choice.

The second factor—the defendant's forum choice—is "entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." *Family Fin. Ctrs. LLC v. Cox*, No. 14-5330, 2015 WL 790038, at *4 (E.D. Pa. Feb. 25, 2015) (quoting *EVCO Tech. ¶ Dev. Co. v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2003)).  The third factor to consider is where the claim arose.  "When the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight." *Cancer Genetics, Inc. v. Kreatech Biotechnology, B.V.*, 2007 WL 4365328, at *5 (D.N.J. Dec. 11, 2007).  This is a personal injury suit arising from an incident which occurred in New Jersey.  While this factor weighs slightly in favor of granting the transfer since the incident occurred in New Jersey, the Court will not accord the other private interests less weight because by virtue of the close proximity of the two fora, retaining the case has no practical effect on the interests of efficiency and convenience.

As for the fourth factor, the convenience of the parties as indicated by their relative physical and financial conditions, Defendants assert only that since Keller-Miller resides in Westville, New Jersey, in closer proximity to the courthouse in Camden, New Jersey, "[r]equiring plaintiff to try this case in New Jersey would not add any additional burden or inconvenience to her."  (Defs.' Mot. at 9.)  However, "[n]either side has presented any evidence related to the convenience of the parties as indicated by their relative financial conditions. Even if they had, we fail to see how a change of venue of such a short distance would be necessarily

and unduly burdensome to the parties." *Travelers Indem. Co. v. E.F. Corp.*, No. 95-5660, 1997 WL 135819, at *7 (E.D. Pa. Mar. 17, 1997).

The next private factor—the convenience of non-party material witnesses—"is a particularly significant factor in a court's decision whether to transfer." *Idasetima v. Wabash Metal Prods., Inc.*, No. 01-97, 2001 WL 1526270, at *2 (E.D. Pa. Nov. 29, 2001) (citing *Lindley v. Caterpillar, Inc.*, 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000)). Defendants contend that the "majority [of] non-party witnesses identified to date live in New Jersey" and "[s]hould the case remain in the Eastern District of Pennsylvania, the vast majority of witnesses will need to travel further distances to attend a Center City Philadelphia trial than they would to attend a trial in Camden, New Jersey." (Defs.' Mot. at 8.) Keller-Miller responds that Defendants have thus far failed to provide the addresses for any of their witnesses set forth in their initial disclosures and, more importantly, points out that the difference in travel time between the courthouse in Camden, New Jersey and the courthouse in Philadelphia, Pennsylvania is a mere four minutes. (Pl.'s Resp. in Opp'n ("Pl.'s Resp.") at 4–5, ECF No. 34.)

Defendants conclusorily state that "all of the witnesses, the relevant employees of both the Walmart and Coca-Cola Defendants, and the treating medical providers are located or reside in the District of New Jersey and are situated in closer proximity" to Camden. Defendants do not, however, provide any addresses for the employees of Walmart and Coca-Cola. (Defs.' Mot. at 8.)[2] To show inconvenience to witnesses, the moving party must provide documentation of the names and addresses of witnesses whom they plan to call, the materiality of the matter to which they will testify and information about the costs of travel for those witnesses. *See Plum*

---

[2]     Because Defendants refused to provide addresses for their witnesses, Keller-Miller attempted to ascertain the witnesses' locations from their LinkedIn profiles. (Pl.'s Resp., Ex. C) Based on the information on these profiles, it seems that several of the witnesses will have to fly in from out of town for the trial. Any witnesses who have to fly will land at the Philadelphia International Airport—the airport travelers use when going to Philadelphia or Camden.

*Tree, Inc. v. Stockment*, 488 F.2d 754, 757 n.2 (3d Cir. 1973); *Howell*, 1993 WL 387901, at *15. In any case, Defendants' omissions are irrelevant since regardless of any witness' starting point, transferring the case to a forum that is located less than 3 miles away from this Court cannot have any practical effect on the convenience of the witnesses. *See Guzzi v. Morano*, No. 10-1112, 2011 WL 4631927, at *14 (E.D. Pa. Oct. 6, 2011); *see also Klauder*, 723 F. Supp. at 348 (stating "geographical factors . . . count for little when the venues are close"). Moreover, the convenience of witnesses is only to be considered "to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. For this reason, factors four and five do not weigh in favor of granting the transfer.

As for the final factor, "the location of documents is entitled to little weight when considering a motion to transfer venue" due to "the advent of photocopying and the easy accessibility to copies." *Howell*, 1993 WL 387901, at *11. Neither party has briefed this factor and, again, given the short distance between the potential fora, it is difficult to imagine this factor having any effect on convenience. *See also Jumara*, 55 F.3d at 879 (The location of records is only to be considered "to the extent that the files could not be produced in the alternative forum.").

In sum, of the private factors, only two of them weigh in favor of granting the transfer—the defendant's choice of forum and the location where the claim arose. With respect to the factors entitled to more weight, however—the plaintiff's choice of forum and the convenience of the parties and witnesses—Defendants have not carried their burden to demonstrate that transfer is warranted.

**B.**

The Court now turns to the public interest factors, which include (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d at 879–80 (citation omitted). In evaluating public interest factors, the court considers the "locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum." *Lony*, 886 F.2d at 640 (3d Cir. 1989).

As for the enforceability of judgments, a judgment rendered here is equally as enforceable as one rendered by the District of New Jersey. *See Sparkler v. Home Infusion Sols., LLC*, No. 13-3969, 2013 WL 6476501, at *6 (E.D. Pa. Dec. 9, 2013). With respect to the second factor, practical considerations that could make the trial easy, expeditious, or inexpensive, the Court again cannot conceive of how transferring the case to a forum that is located less than 3 miles from this Court would make the trial any easier or less expensive for anyone involved. Defendants contend that transfer is warranted because "it is axiomatic that no inspection of the accident scene in Woodbury, Gloucester County, New Jersey can occur here." (Defs.' Mot. at 8.) For one, Defendants have not presented any affadivits or factual basis in support of its contention that it may be necessary for the jury to visit the scene of the accident. "A jury view . . . has long been considered an unusual event . . . and a section 1404 movant must show with some particularity that the facts of the case warrant moving the jury from its box to the scene, and back again." *Hall v. Nat'l Serv. Indus., Inc.*, 172 F.R.D. 157, 161 (E.D. Pa. 1997) (citation omitted). Since the parties will be able to present evidence at trial in the form of "verbal descriptions,

8

charts, and photographs depicting the accident scene," *id*, it seems very unlikely that the jury will need to visit the scene.  Furthermore, on the off chance that a jury view is deemed necessary, the travel time to the site of the accident is just four minutes longer from this Court than it would be from Camden.  *See* (Pl.'s Resp. at 5.)

As to the third factor, there is no indication that litigating this case here would result in any more administrative difficulty or congestion than litigating it in the District of New Jersey.  Rather, by all available accounts, this factor seems to favor retaining the case in this Court.  In the Eastern District of Pennsylvania, the last statistical compilation shows that the average time from filing to disposition for civil cases was 5.5 months whereas the average time in the District of New Jersey was 8 months.  Administrative Office of the U.S. Courts, *Federal Court Management Statistics* (June 30, 2016).  *See Klauder*, 723 F. Supp. at 348 (looking to this particular statistical measure in evaluating the factor of court congestion); *Seidman v. Killington Ltd.*, No. 90-0161, 1990 WL 26680, at *3 (Mar. 12, 1990) (same).  Moreover, this Court has already expended judicial time and resources on this case and set a timeline for its development.  *See Leone*, 574 F. Supp. 2d at 486.

The fourth factor, the local interest in deciding local controversies at home, "involves a balancing of the original forum's interest in the litigation against that of the alternative forum."  *Jennings v. Boeing Co.*, 660 F. Supp. 796, 807 (E.D. Pa. 1987).  Defendants contend that "there is no local interest in having this case, concerning an alleged New Jersey accident, a New Jersey plaintiff and defendants from Georgia, Delaware, and Arkansas, proceed to trial in the Eastern District of Pennsylvania."  (Defs.' Mot. at 9.)  Keller-Miller responds that both Defendants, Walmart and Coca-Cola, conduct substantial business in the Eastern District of Pennsylvania such that injuries and damages caused by an exploding Coca-Cola would be pertinent to citizens

9

here as well.  (Pl.'s Resp. at 6.)  This factor weighs only slightly in favor of transfer since the "local" nature of New Jersey's interest in the case is less strong here than in other cases.  *See, e.g.*, *Saint-Gobain Calmar, Inc. v. Nat'l Prod. Corp.*, 230 F. Supp. 2d 655, 662 (E.D. Pa. 2002) (finding North Carolina had strongest local interest in resolving dispute because defendant maintained its sole place of business there); *Silvis v. Ambit Energy, L.P.*, 90 F. Supp. 3d 393, 400 (E.D. Pa. 2015) (finding Pennsylvania had strong local interest due to its historical and active regulation of the conduct or parties at issue).  The fifth factor, the public policies of the fora, also weighs slightly in favor of transfer since New Jersey has an interest in protecting its citizens from tortious conduct.

The final factor, the familiarity of the trial judge with the applicable state law in diversity cases, also weighs slightly in favor of transfer since New Jersey substantive law will likely apply.  However, "federal judges routinely apply the law of various jurisdictions," *De Lage Landen Fin. Serv. v. Cardservice Int'l.*, No. 00-2355, 2000 WL 1593978, at *2 (E.D. Pa. Oct. 25, 2000), and there is nothing to indicate that this Court would have difficulty in determining and applying New Jersey law.  *See Koken v. Lexington Ins. Co.*, No. 04-2539, 2004 WL 2473432, at *4 (E.D. Pa. Nov. 2, 2004).

The Court recognizes that some of the public factors weigh slightly in favor of transferring the case.  Notwithstanding, plaintiff's preference is entitled to deference and, at bottom, the doctrine of *forum non conveniens* is about convenience.  *See Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 614 (3d Cir. 1991) ("The *forum non conveniens* doctrine is grounded in concern for the costs that must be expended in litigation and the convenience of the parties."); *see also Howell*, 1993 WL 387901, at *5 (E.D. Pa. 1993) ("The convenience to witnesses weighs heavily in making a determination on whether to grant a motion to transfer

venue."). Defendants have not carried their burden to show why transfer is warranted with respect to many of the key factors, presumably because they are unable to do so in light of the extremely close proximity of the two fora. *See Guzzi*, 2011 WL 4631927, at *14 ("The Eastern District of Pennsylvania and the District of New Jersey are separated by nothing more than a bridge over the Delaware River."). As a result, the Court cannot conclude that "the balance of the convenience of the parties is strongly in favor of the Defendant[s]," *Morris Black & Sons v. Zitone Const. & Supply Co.*, No. 04-2608, 2004 WL 2223310, at *3 (E.D. Pa. Oct. 1, 2004) (quoting *CAT Internet Servs., Inc. v. Magazines.com Inc.*, No. 00-2135, 2001 WL 8858, at *9 (E.D. Pa. Jan. 4, 2001)), and the motion to transfer venue is denied.

An appropriate order follows.

BY THE COURT:


  */s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.

11